SANFORD A. HOOPER *vs.* FOSTER L. BALCH.

December 5, 1883.

Interpleader—Service of Complaint on Substituted Defendant.—Under
  Gen. St. 1878, c. 66, § 131, it is the proper practice for the court, in its
  order of interpleader, to direct that the summons and complaint amended,
  with a copy of the order, be served by plaintiff upon the substituted de-
  fendant within a specified time thereafter, or, in default thereof, that
  the action be dismissed.

Same—Failure to Serve—Dismissal—Disposition of Property.—Such
  party may voluntarily appear and move for such dismissal, upon plain-
  tiff's default in making such service, and the court may order the prop-
  erty or fund in controversy, and in its custody, to be delivered over to
  him. Its right to make such disposition of the property is not affected
  by a voluntary dismissal of the action by plaintiff, under Gen. St. 1878,
  c. 66, § 262, pending such application.

Appeals by plaintiff from orders of the district court for Scott
county, *Macdonald* J., presiding, directing that certain property in
the hands of a receiver be delivered to defendant.

*Brown & Hawkins*, for appellant.

*Daniel Fish*, for respondent.

VANDERBURGH, J. The plaintiff commenced this action against the
Bank of Shakopee, to recover the possession of certain personal prop-
erty. The bank claimed no interest in it, but one Balch claimed to
be entitled thereto, and had previously demanded the possession
thereof of the bank. Before answer, the bank duly applied to the
court for an order of interpleader under Gen. St. 1878, c. 66, § 131,
substituting Balch as defendant, which the court granted, and directed
that the bank be discharged on delivering over the property in con-
troversy to a receiver named in the order, which was accordingly
done. The order was in the usual form, and properly directed the
plaintiff to serve the same, and also the summons and complaint,
properly amended, upon Balch, and, in default thereof, the defend-
ant bank was authorized to move to dismiss the action and reclaim
the property. The order also provided that, in case the substituted

defendant failed to answer the complaint within 20 days after its service on him, the plaintiff might apply for judgment and a recovery of the property.

The practice adopted by the court was correct, and the directions made by it were proper, and in conformity with the precedents. *Wilson* v. *Lawrence*, 8 Hun, 593; Moak's Van Sant. Pl. 358; 3 Barb. Ch. Pr. (2d Ed.) *694. It was proper that the party substituted should be served as directed, to the end that he might be formally brought in and made a party to the pleadings, and that the issues might be properly framed; and the statute expressly authorizes the court to require the parties to interplead. The plaintiff, however, neglected to proceed as ordered, and the substituted defendant voluntarily appeared and submitted to the jurisdiction of the court, and applied for an order dismissing the action and the delivery of the property to him. There can be no doubt of his right so to do. The bank, upon its own showing, would have no interest to apply for the custody of the property, for its preservation or otherwise, if Balch appeared. And if plaintiff is in default, and refuses to proceed against the party substituted, there would seem to be no good reason why the court might not dismiss, on motion of the latter, and deliver him the goods, under the disclaimer of the bank, or why the plaintiff would be prejudiced by such motion on behalf of Balch any more than if made by the bank. Otherwise a plaintiff might, in such case, at his option, nullify the order of interpleader by refusing to obey it, and the rights of the substituted defendant be seriously prejudiced if the original defendant neglected to act. It was not necessary that the party interpleaded should appear by the same counsel as the original defendant.

The court ordered a delivery of a portion of the property to Balch on such application, but denied his motion to dismiss the action without prejudice, which motion was duly renewed. Pending this second application, the plaintiff attempted to dismiss the action by an entry of such dismissal in due form of record, and the proper notice thereof. The court, however, proceeded to hear such renewed application, and, among other things, ordered certain other portions of the property in controversy to be delivered over to Balch. From these orders the

plaintiff appealed to this court. We think the court might properly, under the circumstances, have dismissed the action and delivered the property to Balch, leaving the merits of the controversy to be litigated in a new action, if plaintiff was so advised, but he cannot complain that the court gave the defendant partial relief only; and the action of the court, apart from the orders in question, is not sought to be reviewed. Whether the plaintiff could, of his own motion, dismiss his action under the statute while the property in question remained in the hands of the receiver undisposed of, we need not determine, as the court would in any event retain its jurisdiction to make the same disposition of the property as if such dismissal were ordered by it; and if plaintiff has abandoned the suit, he cannot be heard to object to such proceeding.

Orders affirmed.